|  |  |
|---|---|
| RYAN JOEL HOPSON,      | Case No.: 1:23-cv-1555 JLT EPG |
|     Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, AND GRANTING PLAINTIFF LEAVE TO AMEND |
|     v. |  |
| KINGS COUNTY, *et al.*, |  |
|     Defendants. | (Doc. 14) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Ryan Joel Hopson seeks to hold the defendants liable for violations of his civil rights while housed at Kings County Jail. (Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to state a cognizable claim upon which relief may be granted under 42 U.S.C. § 1983. (Doc. 10.) The Court granted Plaintiff leave to amend, after Plaintiff informed the Court that he wished to "stand on [his] complaint." (Doc. 12 at 1.)

After Plaintiff elected to not file an amended complaint, the magistrate judge reiterated the findings made in the initial screening order. (Doc. 14.) The magistrate judge found "Plaintiff's complaint is subject to dismissal because it raises numerous unrelated claims against different defendants, which cannot be combined into one lawsuit." (*Id.* at 6.) Specifically, the magistrate judge observed that Plaintiff "names eleven different defendants concerning different events on different dates spanning several months and involving such unrelated issues as access to toilet and toilet plunger, program time and phone usage, and inadequate medical care." (*Id.* at 6-7.) In addition, the magistrate

1

judge found that some claims cannot proceed because "Plaintiff failed to establish the causal link between certain defendants and the claimed constitutional violations." (*Id.* at 8.) Further, the magistrate judge found that claims against Kings County Jail, Hanford Sheriff Department, and Wellpath could not proceed because "Plaintiff does not allege facts demonstrating that actions of these three defendants . . . were the result of an official policy or custom." (*Id.* at 10.) Similarly, the magistrate judge found Plaintiff failed to state a cognizable conditions-of-confinement claim, a claim for inadequate medical care, or a claim for violation of his First Amendment right. (*Id.* at 12–16.)  Therefore, the magistrate judge recommended Plaintiff's complaint be dismissed "for failure to state a claim," and the action be closed.  (*Id.* at 16.)

Plaintiff filed timely objections to the Findings and recommendations, indicating he was "objecting to dismissing this action for failure to state a claim." (Doc. 15 at 1.)  Plaintiff "ask[s] for more time and the proper paper work to amend [his] claim." (*Id.*)  Significantly, Plaintiff does not dispute the determination that he failed to state a cognizable claim in his initial complaint.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to state a cognizable claim is supported by the record and proper analysis.  However, the Court notes that Plaintiff now requests leave to amend.  It appears that, despite the Court's warning in the screening order, Plaintiff did not appreciate that choosing to stand on his complaint would not only result in a recommendation of dismissal of the complaint, but the entire action could be *closed*.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a complaint, "a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).  Because the magistrate judge initially dismissed the complaint with leave to amend (Doc. 10 at 18-19), the Court declines to find amendment is futile at this time.  Accordingly, the Court finds leave to amend is appropriate, and the Court declines to adopt the recommendation to close the case.  Plaintiff will be

granted **one opportunity** to file an amended complaint that cures the deficiencies previously identified by the Court. Plaintiff is reminded that an amended complaint shall be captioned "First Amended Complaint" and bear the case number in the caption.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated May 7, 2024 (Doc. 10) are **ADOPTED** in part.
2. The complaint is **DISMISSED** for failure to state a cognizable claim.
3. Plaintiff's request for leave to amend is **GRANTED**.
4. Plaintiff **SHALL** file any amended complaint within 30 days of the date of service of this order.
5. The Clerk of Court is directed to serve a copy of the prisoner civil rights complaint form with this Order.

**Plaintiff is informed that failure to file an amended complaint will result in the action being dismissed and closed for failure to prosecute and failure to comply with the Court's order.**

IT IS SO ORDERED.

Dated:  **September 16, 2024**

UNITED STATES DISTRICT JUDGE

3